## DICKSON v OAKLAND UNIVERSITY

Docket No. 102355. Submitted June 14, 1988, at Detroit. Decided
September 6, 1988.

Plaintiff, Lyle Dickson, brought an action in the Oakland Circuit
Court against Oakland University and the director and assis-
tant director of the Oakland University Department of Public
Safety. The complaint alleged violation of the Whistleblowers'
Protection Act. Plaintiff alleged that the university terminated
his employment as a police officer with the department because
he reported to the department a violation or suspected viola-
tion of law committed by a student. The trial court, Fred M.
Mester, J., granted defendants' motion for summary disposi-
tion, dismissing the action. Plaintiff appealed.

The Court of Appeals *held*:

The act does not cover the facts of this case. Nothing in the
complaint indicates that the employer was in violation of the
law or that plaintiff was fired for reporting the employer's
violation of the law to a higher authority.

Affirmed.

1. MASTER AND SERVANT — WHISTLEBLOWERS' PROTECTION ACT.

The Whistleblowers' Protection Act is designed to protect from
retaliatory discharge an employee who reports suspected
wrongdoing by his employer to a higher authority (MCL 15.362;
MSA 17.428[2]).

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — FAILURE TO
STATE A CLAIM.

A trial court deciding a motion for summary disposition based on
the failure to state a claim upon which relief can be granted
takes all well-pled allegations as true; the motion should be
denied unless the alleged claim is so clearly unenforceable as a
matter of law that no factual development could possibly justify
a right to recovery (MCR 2.116[C][8]).

REFERENCES

Am Jur 2d, Summary Judgment §§ 26 *et seq.*

Am Jur 2d, Master and Servant §§ 49 *et seq.*

See the Index to Annotations under Discharge from Employment or
Office; Labor and Employment; Summary Judgement.

*Thomas M. Loeb,* for plaintiff.

*Beier, Howlett, Hayward, Jones, Kingsepp, Shea & Hafeli* (by *James L. Howlett*), for defendants.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and M. D. SCHWARTZ,* JJ.

SHEPHERD, P.J. Plaintiff appeals from an order of summary disposition entered in Oakland Circuit Court pursuant to MCR 2.116(C)(8). We affirm.

On May 2, 1986, plaintiff filed a complaint against Oakland University, the director of the Oakland University Department of Public Safety and the assistant director of the department. The complaint alleged a violation of the Whistleblowers' Protection Act, MCL 15.361 *et seq.*; MSA 17.428(1) *et seq.*

Plaintiff was employed as a police officer with the Oakland University Department of Public Safety until his employment was terminated on April 8, 1986. Plaintiff alleged that in the course of his employment he made various arrests on the university campus, including the arrests of five individuals for operating motor vehicles under the influence of intoxicating liquor. According to plaintiff, he was criticized by his superiors for making the arrests and was advised to "use discretion" and "look the other way" in enforcing the law against university students. He further alleged that he was subjected to an assault by a university student shortly before his dismissal. Plaintiff prepared a complaint report against the student and requested that the university seek an arrest warrant for assault and battery, but defendants refused to request a warrant. Plaintiff alleged that the university terminated his employment because

---

* Circuit judge, sitting on the Court of Appeals by assignment.

he reported a violation or suspected violation of law committed by a student and, thus, that the termination violated the Whistleblowers' Protection Act. The trial court granted defendants summary disposition on the basis of MCR 2.116(C)(8), failure to state a claim.

The relevant section of the Whistleblowers' Protection Act states in pertinent part:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee . . . because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false . . . . [MCL 15.362; MSA 17.428(2).]

Defendants argue that the act is designed to protect employees who report suspected wrongdoing by their employer to a higher authority from retaliatory discharge. A House legislative analysis made prior to the passage of the act supports that view and states:

> Violations of the law by corporations or by governments and by the men and women who have the power to manage them are among the greatest threats to the public welfare. . . .
>
> Because these institutions are large and impersonal, and because they are regulated by complex and, to most people, unfamiliar statutes and rules, specific violations of the law by them often go unnoticed by the public which is the victim. The people best placed to observe and report violations

are the employees of government and business, but employees are naturally reluctant to inform on an employer or a colleague. . . .

*   *   *

House Bill 5089 would create a new act to forbid employers, both public and private, to take reprisals against employees who had given information to authorities concerning possible violations of the law or who were about to give such information. [House Legislative Analysis, HB 5088, 5089, February 5, 1981.]

The instant case is readily distinguishable. Plaintiff reported the wrongdoing of students and others to his employer pursuant to his job function. Nothing in the complaint indicates that the employer was in violation of the law or that plaintiff was fired for reporting the employer's violation of the law to a higher authority. In essence, the complaint indicates that plaintiff's superiors suggested he exercise restraint in arresting individuals and also indicates that the university exercised its discretion in determining not to pursue an assault and battery warrant. We do not believe the act covers the instant facts.

In deciding a motion under MCR 2.116(C)(8) the trial court must take all well-pled allegations as true and the motion should be denied unless the alleged claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. See *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). Since plaintiff has not stated a cause of action under the Whistleblowers' Protection Act, the trial court properly granted defendants' motion for summary disposition.

Affirmed.